## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| SANDRA YANETH FRANCO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-00118 |
| | § | |
| MARKWAYNE MULLIN, ET AL.,[1] | § | |
|     Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention, (Dkt. No. 1), and Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 8).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of her due process rights, and the failure to provide due process warrants her release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by May 21, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by May 22, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Guatemala, challenges her ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2018 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 16).[2] Shortly

---

[1] Markwayne Mullin is automatically substituted for Kristi Noem in this case under Federal Rule of Civil Procedure 25(d). Todd Blanche is automatically substituted for Pamela Bondi in this case under the same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

[2] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

after entering the United States, Petitioner was apprehended by immigration officials. (*See id.*). She was subsequently released on her own recognizance and served a Notice to Appear. (*Id.*; Dkt. No. 8 at 2). Petitioner represents that she has no criminal history. (Dkt. No. 1 at 16). Her daughter is a U.S. lawful permanent resident. (*Id.*).

In October 2025, Petitioner was arrested at her ICE check-in appointment. (*Id.*; Dkt. No. 8-1 at 3). Petitioner has not received a bond hearing since she's been detained. (*See* Dkt. No. 1 at 16).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also* *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior

statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that she is entitled to release from detention. In her petition, she raised several claims for relief: violation of the INA, violation of due process, and ICE's violation of its own regulations. Petitioner requests, among other things, that this Court issue an order declaring her detention unlawful, immediately release her from custody or provide a bond hearing, and award reasonable attorney's fees.

The Court previously ruled on Petitioner's petition. (Dkt. Nos. 1, 9). However, an intervening change in the law occurred before the relief the Court ordered was completed. *See Buenrostro*, 166 F.4th 494. Respondents moved for reconsideration of the Court's Order, which the Court granted. (Dkt. Nos. 11, 15). The Court set aside its prior Order granting the petition. (Dkt. Nos. 9, 15). The Court's prior Order, (Dkt. No. 9), granted the Petition based on statutory interpretation of Section 1225(b)(2), but it did not address Petitioner's due process claim. Petitioner maintains that her petition still can be granted on her due process claim, which Respondents have briefed and the Court considers now. (Dkt. Nos. 16, 17).

### II. DISCUSSION

Respondents move to dismiss and alternatively for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that her detention does not violate due process. The Court principally addresses Petitioner's due process claim and finds that her detention violates due process.[3] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent

---

[3] Because the Court grants Petitioner's requested relief without consideration of her other claims, the Court will decline to address the merits of those claims.

does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[4]

The Court finds that the same reasoning applies to these facts, though Petitioner's length of presence in the United States is factually distinct from *Lopez Moncebais*. Petitioner has resided in the United States since 2018. The Court's reasoning in *Lopez Moncebais* relied on the petitioner's length of residence in the United States in evaluating his liberty interest. Here, the Court finds that Petitioner's residence in the United States since 2018 still creates a sufficient liberty interest to require that her detention is safeguarded with constitutionally adequate procedures, including an individualized determination of whether she should be detained.

Additionally, the Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to her residence since 2018, that she would be free from detention or at least entitled to seek bond while her removal proceedings were pending. She was released from detention in 2018 and spent nearly seven years out of custody before she was re-detained. Respondents do not assert that Petitioner violated any conditions of her release. Petitioner appeared for a standard ICE check-in appointment and was taken into custody without any advance warning or explanation. That expectation interest strengthens her liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of

---

[4] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

4 / 5

noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For these reasons and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 8), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by May 21, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by May 22, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon her release.

All other relief requested by Petitioner, including her request for recovery of attorney's fees, is **DENIED**.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 20, 2026.

John A. Kazen
United States District Judge